UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-21356-GAYLES

**TERESA GOMEZ,**
    Plaintiff,

  v.

**WAL-MART STORES EAST, LP, and
LEIDY SUAREZ,**
    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Leidy Suarez's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 25] and Plaintiff Teresa Gomez's Motion to Remand [ECF No. 18]. To date, the Plaintiff has not responded to the Defendant's motion. The Court has reviewed the record in this case, the parties' briefs, and the applicable law, and is otherwise fully advised in the premises. For the reasons that follow, the motion to dismiss shall be granted. And because Defendant Suarez will be dismissed from this action as a result, the Plaintiff's motion to remand fails and shall also be denied.

**I. BACKGROUND**

  **A.** *Factual Allegations*

According to the allegations in the Second Amended Complaint, on June 22, 2015, Plaintiff Teresa Gomez was a business invitee at a Wal-Mart Super Center store located at 9191 West Flagler Street in Miami, Florida (the "Store"). Second Am. Compl. ¶ 7. The Store is owned and/or maintained by Defendant Wal-Mart Stores East, LP ("Wal-Mart East"). *Id.* While visiting the Store, Gomez "slipped and fell on dirty liquid near the cash registers, resulting in severe and permanent injuries and substantial medical expenses." *Id.* ¶ 8. Gomez also alleges that Defendant Leidy Suarez

1

was the store manager at the Store that day. *Id.* ¶ 9.

Gomez asserts substantively identical claims of negligence against both Wal-Mart East and Suarez. She alleges that Wal-Mart East and Suarez were negligent

> by committing the following acts and/or omissions, including, but not limited to:
> a. failing to maintain the subject premises in a reasonably safe condition;
> b. failing to maintain the floors at the subject premises in a reasonably safe condition;
> c. failing to adequately mark and/or identify a known dangerous or hazardous condition;
> d. failing to adequately mark and/or identify a dangerous or hazardous condition that should have been known to Defendant[s Wal-Mart East and Suarez];
> e. failing to warn Plaintiff Gomez and others on the premises of a hazardous condition on the premises;
> f. failing to remedy a dangerous condition which was known by Defendant[s Wal-Mart East and Suarez];
> g. failing to remedy a dangerous condition which in the exercise of reasonable care should have been known by Defendant[s Wal-Mart East and Suarez];
> h. failing to adopt policies, protocols, and procedures to prevent and/or remedy the dangerous condition;
> i. failing to properly hire, fire, retain, supervise and train employees and agents to warn of dangerous conditions, prevent dangerous conditions, and correct dangerous conditions;
> j. failing to property hire, fire, retain, supervise and train third parties to perform the non-delegable duty of maintaining the premises and property in a reasonably safe condition;
> k. additional acts of negligence not yet discovered.

Second Am. Compl. ¶¶ 12(a)-(k), 16(a)-(k).

    **B.**    *Procedural History*

Gomez originally filed this action against Wal-Mart Stores, Inc., in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on January 28, 2016. *See* [ECF No. 1]. On April 5, 2016, Gomez amended her complaint as of right, dropping Wal-Mart

Stores, Inc., as a defendant and adding current Defendant Wal-Mart Stores East, LP ("Wal-Mart East"). Wal-Mart East removed the action to this Court pursuant to 28 U.S.C. § 1446 on April 15, 2016.

On May 31, 2016, Gomez filed a motion for leave to file a second amended complaint [ECF No. 15], in which she proposed adding Suarez as a defendant, who was allegedly the store manager at the Wal-Mart Super Center on the date of the incident. Wal-Mart East did not oppose the motion. *Id.* The Court granted the motion on June 3 [ECF No. 14], Gomez filed her Second Amended Complaint on June 6 [ECF No. 15], and Wal-Mart East filed its answer on June 20.

On July 14, 2016, Gomez filed a motion to remand [ECF No. 18], arguing that because both Gomez and the newly added Suarez are citizens of Florida, the Court no longer has diversity jurisdiction over this action. The Defendants opposed, arguing that the Court should disregard the citizenship of Suarez, who they contend was fraudulently joined specifically for the purpose of destroying diversity. [ECF No. 23].

Suarez filed a motion to dismiss on July 29, 2016 [ECF No. 25]. In it, she argues that Gomez's non-specific allegations do not state a claim for negligence and that a claim against her for negligence as a corporate officer or agent cannot stand because the Second Amended Complaint alleges no personal knowledge or involvement in the tortious conduct by Suarez. Gomez's response in opposition was due to be filed by August 15, 2016. To date, no response has been filed and no extension of time has been sought. Under Southern District of Florida Local Rule 7.1(c), this is sufficient cause to grant the motion by default. *See Young Apts., Inc. v. Town of Jupiter*, 503 F. App'x 711, 726 (11th Cir. 2013) (per curiam).[1] Nevertheless, the Court considers the merits of Suarez's motion.

---

[1] The Court notes additionally that at the hearing on the motion to remand, held on July 29, 2016, Suarez's counsel informed the Court (as well as Gomez's counsel, who was present) that she intended to file a motion to dismiss the claims against Suarez that day. There is, therefore, no question that Gomez's counsel had notice of the motion to dismiss, yet he failed to respond.

**II.     DISCUSSION**

   **A.     *Suarez's Motion to Dismiss***

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Eleventh Circuit has promulgated a "two-pronged approach" in applying this principle: first, "eliminate any allegations in the complaint that are merely legal conclusions"; and second, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the plaintiff "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

In Florida, the liability of an agent of a corporation has been described as follows: "[T]o establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through ***personal*** (as opposed to technical or vicarious) fault. . . . [A]n officer or agent may not be held personally liable simply because of his general administrative responsibility for performance of some function of his [or her] employment—he or she must be actively negligent." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2006) (emphasis added); *see also Accordino v. Wal-Mart Stores E., LP*, No. 05-76132, 2005 WL 3336503 (M.D. Fla. Dec. 8, 2005) ("[I]n Florida, for an individual

4

defendant to be liable for a tort, the defendant must have committed the alleged tortious act in his individual capacity."); *Kimmons v. IMC Fertilizer, Inc.*, 844 F. Supp. 738, 739-40 (M.D. Fla. 1994) (finding "no basis in Florida law which reasonably serve to impose [tort] liability" upon a corporate officer in the absence of any personal participation by that officer). The sole factual allegation in the Second Amended Complaint pertaining to Suarez is that she was the manager at the Store on the date of the incident. *See* Second Am. Compl. ¶ 9. Thus, because Gomez has made no allegations that Suarez breached a duty through her ***personal conduct***, her negligence claim against Suarez cannot stand. Accordingly, Suarez's motion to dismiss is granted.

B.  *Gomez's Motion to Remand*

The sole basis for the Plaintiff's motion to remand was that diversity of citizenship no longer existed because Gomez and Suarez are both citizens of Florida. [ECF No. 18]. But because Suarez is no longer a defendant in this action, there are no grounds to justify remand. Thus, the motion to remand is denied.

III.  **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

(1)  Defendant Leidy Suarez's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 25] is **GRANTED**; the Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as to this Defendant; and

(2)  the Plaintiff's Motion to Remand [ECF No. 18] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of August, 2016.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE